**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Kevin Thurlow

    v.                                       Case No. 16-cv-512-SM
                                                Opinion No. 2018 DNH 007
Michael Zenk, Warden,
New Hampshire State Prison

**O R D E R**

Before the court in this habeas corpus action is respondent Michael Zenk's motion for summary judgment (Doc. No. 10) and petitioner Kevin Thurlow's cross-motion for summary judgment (Doc. No. 13). For the reasons that follow, both motions are denied without prejudice.

**Discussion**

I.   Records Filed in this Case

The respondent, in connection with his answer (Doc. No. 4) to Thurlow's habeas petition (Doc. No. 1), but under separate cover, filed records from the petitioner's state court criminal case, direct appeal, and post-conviction proceedings. See Doc. Nos. 5, 8. Respondent submitted those records to the court conventionally, rather than electronically, with a cover letter from respondent's counsel indicating that petitioner was served with only the cover letter, and not a hard copy of the record documents filed. See id.

Rule 5(a)(1)(B) of the Federal Rules of Civil Procedure requires that all pleadings filed by a party be provided to every other party to the action. See Fed. R. Civ. P. 5(a)(1)(B); see also Rule 12, Rules Governing Section 2254 Cases in the United States District Court ("§ 2254 Rules") (Federal Rules of Civil Procedure apply to habeas proceedings "to the extent that they are not inconsistent with any statutory provisions or these rules"). Further, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

In Rodriguez v. Fla. Dep't of Corr., the Eleventh Circuit held that in the context of a state's answer to a § 2254 petition, that "[b]ecause the Civil Rules require service of all pleadings, it follows that the exhibits to the pleading must also be served, regardless of whether they were filed at the same time." 748 F.3d 1073, 1076-77 (11th Cir. 2014). This includes documents that are "filed separate from the answer, but [are] referred to in it." Id. at 1076. The Fourth and Fifth Circuits have also held that "all documents referenced in the State's answer and filed with the Court must be served on the habeas petitioner." Id. at 1077 (citing Sixta v. Thaler, 615 F.3d 569, 572 (5th Cir. 2010); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005)). Section 2254 Rules 5(c) and 5(d), which require that the respondent attach to the answer, transcripts

2

and other state court documents, supports the conclusion that such documents be served on the petitioner.

The local rules of this court require that "[d]ocuments that are filed conventionally shall be conventionally served in accordance with the Federal Rules of Civil/Criminal Procedure and the local rules of this court." AP 3.9. All of the respondent's pleadings, including the conventionally filed attachments thereto, whether filed with the pleading or separately, must be served on the petitioner under Fed. R. Civ. P. 5(a)(1)(B), 10(c), and AP 3.9.

It appears from the record in this case that the respondent has not served the petitioner with a copy of the state court records that have been filed with this court in connection with his answer. Accordingly, the respondent must serve Thurlow conventionally with copies of any documents that have been filed in this case in conjunction with letters docketed as Doc. Nos. 5 and 8. Going forward, all documents respondent files in this matter, either conventionally or electronically, must be served on Thurlow.[1]

---

[1] A number of documents relating to post-conviction proceedings in the Superior Court, and the direct appeal of those proceedings, were filed in an appendix to Thurlow's petition in this case. See Doc. No. 1-1. The respondent need not refile documents already in the record in this case.

II. <u>Records Missing from Summary Judgment Record</u>

In his motion for summary judgment, the respondent asks the court to deny Thurlow's request for habeas relief on the basis that the Superior Court issued a decision that was not "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Doc. No. 10-1, at 10 (quoting § 28 U.S.C. § 2254(d)(2)). To make a determination as to whether the Superior Court reasonably determined the facts before it in Thurlow's post-conviction proceedings, this court must review the Superior Court's decision in light of all of the evidence before the Superior Court in those proceedings. See <u>Garuti v. Roden</u>, 733 F.3d 18, 22 (1st Cir. 2013) (citing <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181 (2011); 28 U.S.C. § 2254(d)).

Before the Superior Court at the April 26, 2016 hearing, as an exhibit under seal and subject to a protective order, were the counseling notes of the complainant in Thurlow's criminal case. <u>See</u> Apr. 26, 2016 Hr'g Tr., 2:19, 7:21-22, <u>State v. Thurlow</u>, No. 218-2010-CR-01686 (N.H. Super. Ct., Rockingham Cty.). The counseling notes were specifically referenced and relied upon in the Superior Court's Order denying Thurlow's motion for new trial. <u>State v. Thurlow</u>, No. 218-2010-CR-01686 (N.H. Super. Ct., Rockingham Cty.), July 6, 2016 Order, at 14-17, 19, 20. Also referenced in the July 6, 2016 Order is the

4

affidavit of Attorney Jonathan Saxe, which was filed as an attachment to a discovery motion Thurlow filed in the Superior Court during the post-conviction proceedings.  See id. at 3 & n.2, 7, 11-13.  Neither the counseling notes nor Attorney Saxe's affidavit have been provided to the court.

This court cannot make requisite findings in this matter without reviewing the entire record before the Superior Court in the post-conviction proceedings.  Accordingly, both pending motions for summary judgment are denied, without prejudice to being refiled after the respondent files a more complete record, as directed below.

The respondent is directed to provide this court with copies of the counseling notes and the Saxe affidavit that were before the Superior Court in the post-conviction proceedings, and to serve the Saxe affidavit on petitioner by February 2, 2018.  The respondent may file the counseling notes under provisional seal at Level II, without serving petitioner with a copy of the notes in the first instance, provided the respondent complies with the specific terms of this Order set forth below.

## Conclusion

For the reasons discussed above, the respondent's motion for summary judgment (Doc. No. 10) and petitioner's motion for summary judgment (Doc. No. 13) are DENIED, without prejudice to

5

either party's ability to refile his motion after the respondent files, and serves on petitioner, a more complete record, as described in this Order.

The court issues the following order with respect to the filing and service of the record in this case:

1. The respondent is directed to serve petitioner with a complete copy of the record documents submitted conventionally to the court in conjunction with cover letters docketed in this matter as Document Nos. 5 and 8, on or before February 9, 2018.

2. The respondent is directed to file with the court, and serve on petitioner, a copy of the affidavit of Attorney Jonathan Saxe referenced in the July 6, 2016 Superior Court order, on or before February 9, 2018.

3. The respondent is directed to file with the court a complete copy of the complainant's counseling records submitted to the Superior Court in the state court post-conviction proceedings pertinent to this matter, on or before February 9, 2018, as follows:

    a. The counselling records may be filed under provisional seal, along with a motion to seal. If the counseling records are filed under provisional seal, the filing must also include:

        i. A motion to seal the records at Level I and/or Level II, which meets the requirements of LR 83.12(c), which motion shall be served on petitioner;

        ii. A motion for a protective order, which shall be served on petitioner, accompanied by a proposed protective order, which will allow the petitioner reasonable access to the sealed records to which he had access in the Superior Court, while protecting the confidentiality of the records to the extent possible; and

        iii. A copy of any protective order or similar order issued by the Superior Court concerning the

protection of the confidentiality of the
counselling records.  This document must be
served on the petitioner.

    b.   Along with the records, the respondent must file a document indicating to the court which records were disclosed to the petitioner after the Superior Court's in camera review, either before or after the evidentiary hearing on the motion for new trial.  The respondent must serve this document on the petitioner.

4.   The parties may refile motions for summary judgment in this case on or before April 13, 2018.

5.   Any party may move to extend any deadline in this case for good cause shown.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 8, 2018

cc:   Kevin Thurlow, pro se
      Elizabeth C. Woodcock, Esq.